| | |
|---|---|
| Stephen D. Hibbard (State Bar No. 177865)<br>sdhibbard@jonesday.com<br>Matthew J. Silveira (State Bar No. 264250)<br>msilveira@jonesday.com<br>Dennis F. Murphy, Jr. (State Bar No. 301008)<br>dennismurphy@jonesday.com<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA  94104<br>Telephone:    +1.415.626.3939<br>Facsimile:    +1.415.875.5700<br><br>Attorneys for Defendants<br>ABS GLOBAL TRADING LIMITED | Douglas K. Yatter (State Bar No. 236089)<br>douglas.yatter@lw.com<br>LATHAM & WATKINS, LLP<br>885 Third Avenue<br>New York, NY 10022-4834<br>Phone: (212) 906-1200<br><br>Matthew Rawlinson (State Bar No. 231890)<br>matt.rawlinson@lw.com<br>LATHAM & WATKINS, LLP<br>140 Scott Drive<br>Menlo Park, CA<br>Phone: (650) 328-4600<br><br>Attorneys for Defendants<br>SAMUEL REED and AGATA MARIA REED |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Dmitry Dolgov,<br><br>           Plaintiff,<br><br>     v.<br><br>HDR Global Trading Limited (a.k.a. BitMEX), ABS Global Trading Limited, Grape Park LLC, Mark Sweep LLC, Unknown Exchange, Arthur Hayes, Ben Delo, Samuel Reed, Agata Maria Reed (A.K.A. Agata Maria Kasza), Barbara A. Reed, and Trace L. Reed,<br><br>           Defendants. | Case No. 4:20-CV-07140-YGR<br><br>**ADMINISTRATIVE MOTION TO EXTEND THE DEADLINE FOR DEFENDANTS TO RESPOND TO THE COMPLAINT**<br><br>Ctrm:  1 – 4th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

Defendants ABS Global Trading Limited, Samuel Reed, and Agata Maria Reed (together, "Defendants")[1] respectfully submit this Administrative Motion to extend their respective deadlines to respond to the complaint in *Dolgov v. HDR Global Trading Limited*, No. 4:20-cv-07140-YGR (the "*Dolgov* action"). As detailed below, the Defendants request an extension of their respective deadlines until at least 21 days after Judge Orrick decides the Motion to Consolidate currently pending in the related case *BMA LLC v. HDR Global Trading Limited*, No. 3:20-cv-03345-WHO (the "*BMA* action") (ECF No. 85, referred to herein as the "Motion to Consolidate"), which seeks consolidation of the *Dolgov* and *BMA* actions for all purposes.

## ARGUMENT

Defendants respectfully submit this motion pursuant to Civil Local Rule 6-3 to extend the deadline for Defendants to respond to the complaint until at least 21 days after Judge Orrick decides the Motion to Consolidate in the *BMA* action. The requested extension will avoid the need for duplicative filings and will otherwise ensure the efficient resolution of both the *BMA* action and the *Dolgov* action.

**1.** Plaintiffs' counsel Pavel Pogodin filed the initial complaint in the *BMA* action on May 16, 2020, alleging that the defendants in that case—which include the first five named defendants named in the *Dolgov* action—violated the Commodity Exchange Act ("CEA"), the federal Racketeering Influenced and Corrupt Organizations ("RICO") Act, and California law by purportedly manipulating the price of cryptocurrencies via BitMEX and then allegedly laundering the funds obtained from that purported market manipulation. Since that initial filing, Plaintiffs' counsel has repeatedly sought to amend the operative complaint: Plaintiffs' Counsel filed his First Amended Complaint on May 18. 2020 (ECF No. 6); filed his Second Amended Complaint ("SAC") on July 14, 2020 (ECF No. 31); and sought leave to file a Third Amended Complaint ("TAC") on October 8, 2020 (ECF No. 47).

The *BMA* Defendants moved to dismiss the SAC (ECF No. 41) and opposed Plaintiffs'

---

[1] Defendants ABS, Samuel Reed, and Agata Maria Reed are the only defendants who Plaintiffs' counsel has purported to serve in this lawsuit, and therefore are the only defendants whom Plaintiffs' counsel can argue are currently under a deadline to respond to the complaint.

1   motion for leave to file the TAC (ECF No. 69).  Both of those motions are currently pending
2   before Judge Orrick, and a hearing is scheduled on Plaintiffs' motion for leave to amend for
3   November 10, 2020.
4         On October 14, 2020, just seven days after filing his proposed TAC before Judge Orrick,
5   Plaintiffs' counsel initiated a new lawsuit on behalf of another Russian citizen, Dmitry Dolgov.
6   The *Dolgov* action names as defendants all of the defendants in the *BMA* proposed TAC plus six
7   additional defendants—three family members of one of the original individual Defendants, an
8   "Unknown Exchange," and two other corporate entities.  *Dolgov*, ECF 1.  But apart from
9   identifying a new plaintiff and the new defendants, the complaint in the *Dolgov* action is nearly
10  identical to the proposed TAC in the *BMA* action:  it asserts CEA, RICO, and California state law
11  claims against the defendants in the *BMA* action for purported market manipulation and
12  subsequent laundering of funds obtained from that alleged manipulation.
13        Plaintiffs' counsel himself identified the *BMA* case as a related case on the *Dolgov* Civil
14  Cover Sheet, *Dolgov*, ECF 1-1, and the *BMA* defendants have filed an administrative motion for
15  the cases to be deemed related, *BMA*, ECF 79.  That administrative motion is currently pending
16  before Judge Orrick.
17        On November 4, 2020, the *BMA* defendants filed a motion to consolidate the *BMA* and
18  *Dolgov* actions for all purposes, which included a request that the Court order the Plaintiffs in
19  each action to file a single, consolidated complaint.  Plaintiffs' current deadline to respond to that
20  motion is November 18, 2020, and it is set for hearing on December 9, 2020, the earliest day
21  available based on the default 35-day notice period.  The *BMA* defendants have also filed
22  contemporaneously with this motion an administrative motion to shorten the time for a hearing on
23  the motion to consolidate.
24        To date, Plaintiffs' counsel has only purported to serve defendants ABS, Samuel Reed,
25  and Agata Maria Reed in the *Dolgov* action.[2]  Based on Plaintiffs' return of service, Defendant

---

[2] Defendants do not concede that Plaintiffs successfully effectuated service of process on any Defendant under Federal Rules of Civil Procedure 4(e), or 4(h), or the rules of any state, and reserve the right to move to dismiss on that basis as well as any other ground.

2

Case No. 3:20-cv-03345-WHO
ADMINISTRATIVE MOTION TO EXTEND THE
DEADLINE FOR DEFS.' TO RESPOND TO COMPL.

1  Samuel Reed's deadline to respond is currently November 9, 2020, and Defendants ABS and
2  Agata Maria Reed's deadline to respond is currently November 10, 2020—the same day as the
3  hearing scheduled in the *BMA* action.

4  **2.**  Defendants request that this Court extend their respective deadlines to respond to the
5  complaint in the *Dolgov* action until at least 21 days after Judge Orrick rules on the pending
6  Motion to Consolidate so as to avoid the need for duplicative filings and to streamline this
7  litigation.  As detailed above, both the *BMA* action and *Dolgov* action seek to impose liability on
8  the same Defendants for the same alleged conduct.  But, in light of Plaintiffs' counsel's pleading
9  maneuvers, the deadlines for the Deadlines to respond to those pleadings are proceeding on
10 independent tracks.

11 Plaintiffs' counsel has previously agreed in the *BMA* action that a single briefing schedule
12 for a forthcoming motion to dismiss "is highly desirable for judicial efficiency reasons."  *BMA*,
13 ECF 63 at 2.  But when Defendants asked Plaintiffs' counsel to stipulate to consolidation of the
14 BMA and Dolgov actions, and for an extension of the deadline to respond to the complaint in the
15 Dolgov action, Plaintiffs' counsel declined.  *See* Hibbard Decl. ¶¶ 3-6, Ex. A-C.  In fact, counsel
16 for ABS attempted to avoid this situation by agreeing to waive service for ABS (and thus, obtain
17 a longer deadline to respond to the complaint so that the responses of all defendants could be
18 coordinated after any service issues were resolved), but Plaintiffs' counsel refused to
19 acknowledge that waiver and instead proceeded to serve ABS.  Hibbard Decl. ¶ 2.

20 No party will be prejudiced by an extension of the Defendants' deadline to respond to the
21 complaint.  To the contrary, if the Defendants are required to respond to the *Dolgov* complaint
22 before Judge Orrick adjudicates the Motion to Consolidate, they will be required to expend time
23 and resources on an opposition which may ultimately be mooted by a consolidated pleading.

24 Given the related nature of these cases and the opportunities for efficiency and judicial
25 economy, Defendants respectfully request that this Court extend the deadline for the Defendants
26 to respond to the complaint in the *Dolgov* action until at least 21 days after Judge Orrick
27 adjudicates the pending Motion to Consolidate.

28

3

Case No. 3:20-cv-03345-WHO
ADMINISTRATIVE MOTION TO EXTEND THE
DEADLINE FOR DEFS.' TO RESPOND TO COMPL.

Dated: November 4, 2020

Respectfully submitted,

JONES DAY

By: /s/ *Stephen D. Hibbard*
      Stephen D. Hibbard

Counsel for Defendants
ABS GLOBAL TRADING LIMITED

LATHAM & WATKINS, LLP

By: /s/ *Douglas K. Yatter*
      Douglas K. Yatter
      Matthew Rawlinson

Counsel for Defendants
SAMUEL REED and AGATA MARIA REED

4

Case No. 3:20-cv-03345-WHO
ADMINISTRATIVE MOTION TO EXTEND THE DEADLINE FOR DEFS.' TO RESPOND TO COMPL.

I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file this ADMINISTRATIVE MOTION TO EXTEND THE DEADLINE FOR DEFENDANTS TO RESPOND TO THE COMPLAINT.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

DATED:  October 29, 2020

                                     */s/ Stephen D. Hibbard*
                                     STEPHEN D. HIBBARD

5

Case No. 3:20-cv-03345-WHO
ADMINISTRATIVE MOTION TO EXTEND THE
DEADLINE FOR DEFS.' TO RESPOND TO COMPL.