# EXHIBIT A



November 4, 2020

Direct Phone Number: (650) 469-3750
Direct Fax Number: (650) 472-8961
pp@consensuslaw.io

*Via email to: sdhibbard@jonesday.com*

Stephen D. Hibbard, Esq.
Partner
Jones Day
555 California Street
26th Floor
San Francisco, California 94104

**Re:   Consolidation of Dolgov and BMA actions**

Steve,

This letter is in follow up to my email earlier today. The fact that you did not respond to my multiple emails containing good faith proposals on how to achieve exactly the same result without any motion practice is very concerning to me. This email summarizes my offers to you in order to streamline the litigation and avoid completely unnecessary motion practice.

As you have explained, you will be seeking consolidation of the Dolgov action with the BMA action, which would involve filing of a consolidated complaint. Specifically, you have said: "By "consolidation," we mean consolidating the actions for all purposes, including your filing a single complaint on behalf of all plaintiffs against all defendants."

Below are my two good faith proposals to achieve this exact same result this very week by way of stipulation instead of motion practice:

**Proposal 1**: I'm prepared to stipulate today to the filing of the new consolidated Third Amended Complaint (TAC) on behalf of all plaintiffs against all defendants from both the BMA and Dolgov actions. Pursuant to FRCP 15(a), Dolgov now has a right to amend the Complaint as of right once, in response to your future motion to dismiss. This is an important statutory right that needs to be preserved. Consolidation and merger of cases is done purely for convenience of the Court and parties and it cannot be used as a pretext for taking away my clients' statutory rights to amend once in response to your motion to dismiss. Perceived efficiency is not an excuse for depriving litigants of their statutory rights. Filing your motion with the court will give you

**Consensus Law**
**Cryptocurrency Attorneys**
5245 Av. Isla Verde #302
Carolina, PR, 00979
Phone: +1 (650) 469-3750
Fax: +1 (650) 472-8961
www.consensuslaw.io

Stephen D. Hibbard, Esq.
November 4, 2020
Page 2

exactly the same result. You will respond to the TAC within the time limits provided in the FRCP.

**Proposal 2**: If you do not want to stipulate that the consolidated TAC could be amended under FRCP 15(a) as of right in response to your future motion to dismiss, then we can let Dolgov exercise its existing right under FRCP 15(a) once and then we will stipulate to the filing of the consolidated complaint merging the two actions. Again, Dolgov's right to amend the complaint pursuant to FRCP 15(a) in response to your motion to dismiss is an important statutory right, which cannot be taken away for pure convenience, which is the reason for merging actions. This proposal will also give you exactly the same result and will avoid any motion practice. This will also not result in any additional expense as Dolgov complaint and the proposed TAC are almost identical. Both the Court and you can use the same legal memoranda in connection with both. There will be no extra cost or effort, just file the same brief in response to both.

For all the foregoing reasons, I am willing to offer you EXACTLY the same relief as you will be seeking from the Court in your motions. If you nevertheless proceed with filing your motions despite being offered EXACTLY the same relief, this will be for purely improper deliatory purposes, which will be obvious to anyone.

I will gladly stipulate to shortening of time periods, just let me know the details to confirm.

Regarding extensions of time, we will be happy to grant you those, but in view of the proven dissipation of $440,000,000 of assets of Defendants HDR and Defendants' attempt to hide it from the opposing party and court, Plaintiff Dolgov has very serious and legitimate concerns about your clients using this time to make assets inaccessible. If you agree to provide information on the assets of defendants and their dissipation/transfer, Dolgov will be happy to give you a time extension. Court records indicate that you have provided similar information to plaintiffs in the Amasto action in order to avoid attachment. We are requesting the same here. Otherwise, we will strongly oppose any request in view of the proven dissipation of $440,000,000 of assets of Defendants HDR and attempts to hide it from the opposing party and Court.

Please provide your answer to the foregoing proposals ASAP.

                                                 Very truly yours,

                                                 CONSENSUS LAW

                                                 By: _____
                                                      Pavel I. Pogodin, Ph.D., Esq.
                                                      Principal